UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK NUÑEZ GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-471 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff, a prisoner in the custody of the Arizona Department of Corrections, alleges violations of the United States Constitution, the Arizona State Constitution, and assorted Arizona statutes, and purports to bring this civil rights action under 42 U.S.C. § 1983. *See* Compl. at 1 (page numbers designated by CM/ECF). The complaint is incoherent and fails to allege facts sufficient to put the Court and Defendants on notice of the nature of Plaintiff's claims and the basis for this Court's jurisdiction.

At times, it appears that Plaintiff is (or at least might be) challenging his criminal conviction and sentence and demanding unspecified monetary relief. *See generally id.* at 11-15. If so, this claim fails. As the Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994); *Williams v. Hill*, 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (applying the *Heck* rule to *Bivens* actions).  The plaintiff does not allege that his conviction or sentence has been reversed or otherwise invalidated, and, therefore, his claim for damages (if, in fact, that is the relief he seeks) fails.  *See, e.g., Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010); *Jones v. Yanta*, No. 07-1172, 2008 WL 2202219, at *1 (D.D.C. May 27, 2008).

In any event, the complaint fails to set forth a short and plain statement of facts that might entitle Plaintiff to relief in this Court.

The Court will, accordingly, grant plaintiff's application to proceed *in forma pauperis* (ECF No. 2), deny his motion for injunctive relief (ECF No. 3) as moot, and dismiss the complaint for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

An Order is issued separately.

DATE: March 13, 2023

/s/
RANDOLPH D. MOSS
United States District Judge